Argued and submitted January 4, reversed and remanded for further proceedings March 8, 1989

In the Matter of the Compensation of
the Beneficiaries of
Wilma F. Macaitis, (Dec'd), Claimant.
ESTATE OF WILMA F. MACAITIS,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 87-06841; CA A48503)

769 P2d 791

Quintin B. Estell, Salem, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The deceased worker's estate seeks review of the Workers' Compensation Board order upholding the referee's dismissal of a request for a hearing. We reverse.

The worker had requested a hearing regarding the extent of benefits for an accepted claim. About three weeks before the scheduled hearing, she died from causes unrelated to the compensable injury. In a letter notifying the referee of the death, her attorney requested a postponement to determine whether she had left any survivors who would be entitled to pursue the claim. The request for postponement was denied. The hearing was convened as scheduled and, because neither the worker nor her counsel appeared, the request for hearing was dismissed. The attorney contended that he had no authority, at that time, to appear on behalf of the estate.

The personal representative of the estate then requested Board review of the dismissal, contending that a postponement should have been allowed to see if the estate wished to proceed. The Board did not address that issue but concluded that dismissal was proper, because the worker was not survived by anyone who could pursue the claim under ORS 656.218(3). The Board also refused the estate's request to remand the case to the referee for consideration of its right to collect burial expenses under ORS 656.204(1), because that issue had not been raised before the referee.

A Board rule allows postponement of a hearing because of "extraordinary circumstances beyond the control of the party or parties requesting postponement." OAR 438-06-081. The death of the worker and the fact that counsel needed time to determine if there was a basis for continuing the claim or asserting any other matter constituted extraordinary circumstances, as a matter of law. It is true, as the Board held, that the matter of a claim for burial expenses was not raised before the referee, but the reason was that the deceased's estate had not been given time to obtain a personal representative, hire counsel and address the need to appear in the proceedings and file a claim.[1]

---

[1] In the light of ORS 656.218, which allows processing of a claim by a deceased claimant's survivors, it was a colossal waste of resources for the referee to deny a continuance and then to dismiss the request for hearing on SAIF's motion.

Reversed and remanded for further proceedings not inconsistent with this opinion.